Food Fair Stores, Inc., Appellant, *v.* Commonwealth of Pennsylvania Unemployment Compensation Board of Review, Appellee.

Submitted on briefs January 11, 1974, to Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Andrew S. Price,* with him *Frank E. Hahn, Jr., John F. E. Hippel* and *Obermayer, Rebmann, Maxwell & Hippel,* for appellant.

*Sydney Reuben,* Assistant Attorney General, for appellee.

OPINION BY JUDGE ROGERS, January 29, 1974:

The unemployment compensation claimant in this case, Robert J. Dilbeck, Sr., had been employed by Food Fair Stores, Inc. for more than fifteen years. On December 6, 1971, his work assignment was as a helper on a delivery truck. On that date he and the driver of a Food Fair truck were observed by private security personnel removing merchandise belonging to Food Fair and worth more than $900 from the truck to a private garage at the driver's residence. Both men were immediately confronted and arrested. They were discharged from their employment the following day. Dilbeck was subsequently acquitted of criminal charges. Although Dilbeck was a member of a union of Food Fair employes, neither he nor his union instituted grievance proceedings over his firing.

At hearings before a referee of the Board of Review, Dilbeck admitted his participation in the act of removing his employer's property from its truck to his driver's private garage and explained it as obedience of his superior's, the driver's, orders. The referee upheld the Bureau of Employment Security's denial of unemploy-

ment compensation but the Board of Review reversed. Food Fair, Inc. has appealed the Board's action.

The question, of course, is whether Dilbeck's unemployment after his firing was "due to his discharge . . . from work for willful misconduct connected with his work." Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess. P. L. [1937] 2897, §402(e), 43 P.S. §802(e). This Court has adopted the standard definition of wilful misconduct in this kind of case. In *Fields v. Unemployment Compensation Board*, 7 Pa. Commonwealth Ct. 200, 202, 300 A. 2d 310, 311 (1973), Judge MENCER wrote: "As a general principle, the act or course of conduct must be wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of the standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest, or of the employee's duties and obligations to the employer." The salient phrases of the definition for purposes of this case are "deliberate violation of the employer's rules" and "disregard of the standards of behavior which the employer has the right to expect of his employee."

The merchandise here involved was destined for return to the employer's warehouse. Dilbeck's testimony includes his acknowledgment that the warehouse contained a "drop room" to which these goods should have been returned by him and his driver. Hence, the delivery by the driver and Dilbeck of this property to the driver's home was a deliberate violation of a rule of the employer known to Dilbeck.

The Board of Review found excuse for Dilbeck's action in his position of subordination to the driver. While Dilbeck testified that he was subject to direction

by the driver, he explained his participation in the delivery of his employer's property to a private garage by the assertion that he believed that the property would later be delivered to the "drop room" by the driver. He admitted, however, that he made no inquiry as to the driver's intention on December 6, 1971. Clearly, Dilbeck's employer had the right to expect a higher standard of behavior than that of the claimant on this occasion.

The question of whether the actions of an employe are or are not wilful misconduct is one of law subject to review by this Court. *See Rone Unemployment Compensation Case,* 211 Pa. Superior Ct. 425, 235 A. 2d 432 (1967). We believe the Board erred in its conclusion that the claimant's participation in the delivery of the employer's property to another employe's residence was not wilful misconduct.

In the interest of completeness, we note that a single act of misconduct by a long-term employe with a good employment record may constitute wilful misconduct. (*Salvitti Unemployment Compensation Case,* 189 Pa. Superior Ct. 102, 149 A. 2d 586 (1959)) and that acquittals of criminal charges arising out of an employe's behavior do not answer the question whether that behavior was misconduct rendering him ineligible for unemployment compensation. An employe owes his employer loyalty, diligence, fidelity, obedience and, above all, honesty.

### ORDER

AND Now, this 29th day of January, 1974, the order of the Unemployment Compensation Board of Review, allowing benefits, is set aside.