James Meneely, Appellant *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania.

Argued October 29, 1976, before Judges WILKINSON, JR., ROGERS and BLATT, sitting as a panel of three.

*Michael J. Murphy,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, February 15, 1977:

James Meneely (claimant) was employed by Wander Sales (employer) for a period of four years as a helper on a delivery truck. Wander Sales sold and delivered appliances and as an additional service for its customers would remove and dispose of the old appliances for a $10 fee. Its established procedure for removing the old appliances was contained in a set of Work Rules given to each employee.[1] On February 14, 1974, the claimant and a driver delivered an appliance to a customer. The customer requested that an old appliance be removed which the claimant and driver did. They made no prior phone call to the employer, no receipt was given to the customer, and the

---

[1] The employer's prescribed procedure for removing old appliances was as follows:

    (a) Call the employer to approve the appliance pickup if it was not noted on the delivery sheet.

    (b) Remove the appliance and place it in the delivery truck.

    (c) Collect $10 from the customer and list it on a report form.

    (d) Have the customer sign a receipt/release form.

    (e) Return the old appliance, the money and the report form to the employer.

$10 which had been collected was not noted on the road report, all being violations of the employer's prescribed procedure. A company officer happened to witness the claimant and driver unloading the old appliance at the employer's place of business that night, and, when his subsequent investigation indicated that the claimant and driver had violated company procedure regarding the removal of old appliances and had failed to turn in the money received for removing the appliance, both the claimant and the driver were discharged.

The claimant applied for benefits under the Unemployment Compensation Law[2] on March 3, 1974. The Bureau of Employment Security (Bureau) granted benefits and the employer appealed. After a hearing, the referee reversed the Bureau's decision and denied benefits because of a finding of willful misconduct under Section 402(e),[3] 43 P.S. §802(e). The claimant then appealed to the Unemployment Compensation Board of Review (Board) which disallowed the appeal. Upon his appeal to this Court, a remand was ordered for the taking of further testimony, and, after a hearing, the Board again affirmed the decision of the referee and denied benefits. This appeal followed.

The scope of review of this Court in an unemployment compensation case is limited to questions of law and, absent fraud, a determination of whether or not

---

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §751 et seq.

[3] Section 402(e), 43 P.S. §802(e), provides in pertinent part:

An employe shall be ineligible for compensation for any week—

. . . .

(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . .

the findings of fact are supported by substantial evidence, leaving questions of credibility to the referee and Board. *Owen v. Unemployment Compensation Board of Review,* 26 Pa. Commonwealth Ct. 278, 363 A.2d 852 (1976). The claimant argues here that there is not substantial evidence in the record to support the Board's finding of willful misconduct.

Where willful misconduct which would preclude the receipt of benefits under the Unemployment Compensation Law is charged, it is the employer's burden to prove that such willful misconduct occurred, *Unemployment Compensation Board of Review v. Tumolo,* 25 Pa. Commonwealth Ct. 264, 360 A.2d 763 (1976), and we have defined willful misconduct on numerous occasions to be the wanton or willful disregard of the employer's interest, a deliberate violation of rules, a disregard of expected behavior standards, or negligence manifesting culpability, wrongful intent or evil design or showing an intentional and substantial disregard of the employer's interest or the employee's duties. *Kentucky Fried Chicken of Altoona v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973).

The evidence here establishes that the employer's rules regarding the removal of old appliances were well known to the claimant. The customer here concerned testified that *both* the claimant and the driver were present when she stated that she wanted the old appliance removed and when she paid the money, and, although the rules impose the responsibility upon the driver to see that the prescribed procedure is carried out, there is testimony in the record that in practice the responsibility was considered a joint one of both the driver and the helper. In an unemployment compensation case, of course, it is for the Board and not for this Court to resolve questions of credibility and

conflicts in testimony, *Peluso v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 250, 315 A.2d 340 (1974), and it is evident from the record that the Board concluded that the claimant was jointly responsible with the driver for the implementation of the employer's rule and that in the circumstances here concerned he was aware that the procedure was violated. There was clearly sufficient evidence in the record to permit the Board to conclude either that the claimant had acted in disregard of a standard of behavior which the employer could rightfully expect of him in these circumstances, or that the claimant's failure to report what had occurred to his employer was negligence manifesting an intentional and substantial disregard for the employer's interest. The evidence relates, it is true, to only one incident, but we have previously recognized that a single act of misconduct by even a long-term employee may constitute willful misconduct which would preclude his receipt of unemployment compensation benefits. *Food Fair Stores, Inc. v. Unemployment Compensation Board of Review,* 11 Pa. Commonwealth Ct. 535, 314 A. 2d 528 (1974). The actions of the claimant here fall within our previous definition of willful misconduct, *Kentucky Fried Chicken, supra,* and we must, therefore, find him ineligible for benefits.

The order of the Board is affirmed.

### ORDER

AND, Now, this 15th day of February, 1977, the order of the Unemployment Compensation Board of Review denying benefits to the claimant is hereby affirmed.