William O. Roach, Appellant *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania, Appellee.

Argued May 5, 1977, before Judges KRAMER, MEN-CER and ROGERS, sitting as a panel of three.

*Milton D. Rosenberg,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE KRAMER, August 12, 1977:

This is an appeal by William O. Roach (Appellant) from a decision and order of the Unemployment Compensation Board of Review (Board), which denied

benefits to Appellant pursuant to Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e). Section 402(e) renders ineligible for compensation any employe whose unemployment is due to his discharge or suspension from work for willful misconduct connected with his work.

The Board made the following findings of fact:

1. Claimant was last employed by Gimbels, at the South Hills Village Shopping Center, as a Department Manager, at $156 per week, from October 27, 1969 until November 3, 1973, his last day of work.

2. On November 3, 1973, the claimant was discharged because he took a set of Corning Ware from the store without having it checked prior to removal by an employee at the Service desk.

3. The employer's rule, which the claimant knew, was that any employe who takes merchandise from the store must first check it out at the Service desk. This rule applies regardless of whether or not the merchandise belonged to Gimbels.

4. The claimant contends that the Corning Ware was not Gimbels merchandise, but he also admitted knowing that even though it was not his employer's property, it should have been checked out prior to removal.

Based on these findings, the Board concluded that Appellant's conduct evidenced a deliberate violation of the employer's rules and, as such, constituted willful misconduct in connection with his work.

The burden of proving willful misconduct is, of course, on the employer. *Unemployment Compensation Board of Review v. Tumolo*, 25 Pa. Common-

wealth Ct. 264, 360 A.2d 763 (1976). When the party with the burden of proof has prevailed. below, as in the present case, our scope of review is limited to a determination of whether an error of law has been committed, or any necessary finding of fact is unsupported by substantial evidence in the record. *Meneely v. Unemployment Compensation Board of Review,* 28 Pa. Commonwealth Ct. 613, 369 A.2d 506 (1977). The resolution of conflicts in the evidence and the assessment of the credibility of the witnesses and the weight to be accorded to items of evidence are matters for the Board. *Peluso v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 250, 315 A.2d 340 (1974); *Philadelphia Coke Division, Eastern Associated Coal Corp. v. Unemployment Compensation Board of Review,* 6 Pa. Commonwealth Ct. 37, 293 A.2d 129 (1972).

We have carefully reviewed the record, and we must conclude that each of the Board's findings of fact is supported by substantial evidence. In particular, we note the following written admission by Appellant that was made a part of the record:

I, William Roach of 121 Belmont Ave., Canonsburg, Pa. who has been employed by Gimbles (sic) S. Hill Village since Oct. 27, 1969 Do Hereby make this statement.

To the best of my knowledge the only wrong doing I performed was I took 1 set of Corning Ware approx. 11.95 from Gimbles (sic) of S Hills store without paying for it. I admit this was wronge (sic).

William Roach signed 11-5-73.

The deliberate violation of an employer's rules is included within the definition of willful misconduct. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Com-

monwealth Ct. 90, 97, 309 A.2d 165, 168 (1972). Appellant, however, seeks to avoid ineligibility by minimizing the gravity of his violation of the employer's rule on checking out merchandise when leaving the store. Although the Board found, and Appellant's own testimony discloses, that Appellant knew the rule applied to merchandise whether or not it was the property of Gimbel's, Appellant contends that the Corning Ware set was, in fact, the property of a co-employe who gave it to Appellant, and that this reduces the violation to a minor infraction.[1] While it is true that a single dereliction of an employe's duty of a minor, casual, or insignificant nature will not amount to willful misconduct, *Loder v. Unemployment Compensation Board of Review*, 6 Pa. Commonwealth Ct. 484, 488, 296 A.2d 297, 300 (1972), we cannot agree that Appellant's situation falls into this category.

Appellant's brief accurately characterizes the rule:

The store regulation, which requires an employee to have goods stamped before removing the same from the store is a rule to protect the store and to prevent an employee from illegally removing the store's merchandise.

The rule is designed to facilitate both the detection and deterrence of pilfering by employes. It is clear that to adopt Appellant's urged distinction between merchandise which is the property of the store and that which is not would be to entirely nullify the intended prophylactic effect of the rule. What would remain would be no more than a rule against stealing from the employer stripped of its quintessential means of achieving its goal. This we will not do.

---

[1] The Board made no finding of fact regarding ownership of the Corning Ware set. However, given the basis of the Board's disposition of the case, such is not necessary for our review.

Despite Appellant's previous good work record, we must conclude that this single violation is serious enough to warrant the Board's conclusion that it amounted to willful misconduct within the meaning of Section 402(e). *See Meneely, supra; Food Fair Stores, Inc. v. Unemployment Compensation Board of Review,* 11 Pa. Commonwealth Ct. 535, 314 A.2d 528 (1974). We also note that this incident took place at a time when a spree of organized employe pilfering had prompted a long-term investigation by Gimbel's security department. Concededly, the employer failed to prove that Appellant took part in this pilfering. However, the very existence of such conditions in the store should have prompted the Appellant, as a reasonable man, to meticulous conformity with the rule in question. Appellant's failure to so react to these surrounding circumstances further undercuts his position and buttresses our conclusion.

We affirm.

This opinion was prepared by Judge KRAMER prior to his death and it is adopted as the opinion of the Court.

ORDER

AND Now, this 12th day of August, 1977, the order of the Unemployment Compensation Board of Review, at B-121282, denying benefits to William O. Roach is hereby affirmed.