Leo M. Elijah, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 14, 1978, before Judges MENCER, DISALLE and MACPHAIL, sitting as a panel of three.

*Jeffrey S. Kahn,* for appellant.

*John T. Kupchinsky,* with him *Bernadette A. Duncan,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

PER CURIAM OPINION, October 27, 1978:

Leo M. Elijah (Claimant) appeals from a decision of the Unemployment Compensation Board of Review (Board) denying benefits to him.

Claimant had been employed by Sorensen Industries for more than two years as a technical director (metallurgist-chemist). On May 6, 1976, after a disagreement with his employer, the Claimant was discharged. The Bureau of Employment Security (Bureau) denied the Claimant benefits under the provisions of Section 402(b)(1) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1). On appeal and after a hearing, the referee affirmed the Bureau's denial of benefits but held that the applicable provision of the law was Section 402(e), 43 P.S. §802(e) because the Claimant had been discharged for willful misconduct. The Claimant appealed the referee's decision to the Board. The Board ordered a further hearing and then entered an order affirming the referee.

Our scope of review is limited to questions of law and absent fraud, a determination of whether the findings of fact upon which the final order was based are

supported by substantial evidence. *Meneely v. Unemployment Compensation Board of Review*, 28 Pa. Commonwealth Ct. 613, 369 A.2d 506 (1977). After a careful review of the record, we hold that there are no errors of law in the instant case, there is no fraud and that the findings of fact are supported by substantial evidence.

Accordingly, we affirm.

PER CURIAM ORDER

AND Now, this 27th day of October, 1978, the order of the Unemployment Compensation Board of Review, dated April 15, 1977, denying benefits to Leo M. Elijah is hereby affirmed.