Joseph Urso, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and Bloomsburg Mills, Respondents.

Argued December 4, 1978, before Judges WILKINSON, JR., DiSALLE and MacPHAIL, sitting as a panel of three.

*John A. Mihalik,* with him *Thomas Arthur James, Jr.,* and *Hummel, James & Mihalik,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Gerald Gornish,* Acting Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., January 9, 1979:

Petitioner appeals an order of the Unemployment Compensation Board of Review (Board) affirming the denial of benefits by a referee on the ground of willful misconduct, pursuant to Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We affirm.

Petitioner was employed by Bloomsburg Mills (employer) for nearly three and one-half years as a machine cleaner. On Wednesday, December 15, 1976, at

approximately 11:30 in the morning the local sheriff arrived at employer's plant to summon petitioner regarding the repossession of his trailer. Petitioner was excused from work for the remainder of that day and all of the next in order to pack and remove his personal belongings from the trailer.

While at the plant for another reason on Thursday, December 16, 1976, petitioner informed a manager that the moving operation would also require his absence on Friday. The manager, however, informed petitioner that he must report for work on Friday. A telephone call reiterating management's order in this regard was made to a number listed in the employer's personnel files, and a message was left there for petitioner. Petitioner did not report for work on Friday and the following Monday when he arrived on time for his regular shift he was informed of his discharge.

As already indicated, petitioner's claim for benefits was denied pursuant to Section 402(e) of the Law which provides that an employee is ineligible for any week "[i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct. . . ."

> For behavior to constitute wilful misconduct, it must evidence (1) the wanton and wilful disregard of the employer's interest, (2) the deliberate violation of rules, (3) the disregard of standards of behavior which an employer can rightfully expect from his employe, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations.

*Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 97, 309 A.2d 165, 168-69 (1973).

*See also, Parke v. Unemployment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 382, 393 A.2d 62 (1978).

From the record in this case it is apparent that the behavior justifying a denial of benefits was petitioner's disregard of an express command of his employer. Deliberate violation of the employer's rules is certainly conduct which will require denial of benefits if the employer's rule is reasonable and if the employee does not prove that the violation was motivated by good cause. *Kindrew v. Unemployment Compensation Board of Review,* 37 Pa. Commonwealth Ct. 9, 388 A.2d 801 (1978).

The referee, after considering the surrounding circumstances as reflected in the testimony, concluded that "[t]he claimant *defied* a direct order of the employer, given to him personally, and subsequently reiterated by a telephone message. The employer's order was reasonable, the claimant's defiance unreasonable, and tantamount to insubordination." (Emphasis in original.) The employer representative testified that petitioner's continued absence created logistical problems at the plant inconveniencing the employer. Petitioner's bald contention that he needed the additional time to complete the unloading of his trailer is certainly not sufficient to require a finding of unreasonableness on the part of employer, especially in light of the time off already granted for that purpose. There were many conflicts in the testimony of petitioner and the employer representatives. The referee expressly resolved these in favor of the employer.

Accordingly, we will enter the following

ORDER

AND Now, January 9, 1979, the order of the Unemployment Compensation Board of Review at No. B-146399, dated June 17, 1977, is hereby affirmed.