Violet A. Selan, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 13, 1980, before Judges WILKINSON, JR., MENCER and MACPHAIL, sitting as a panel of three.

8

Bruce D. Campbell, Meyer, Darragh, Buckler, Bebenek & Eck, for petitioner.

Charles G. Hasson, Assistant Attorney General, with him Richard Wagner, Chief Counsel and Edward G. Biester, Jr., Attorney General, for respondent.

OPINION BY JUDGE MENCER, June 4, 1980:

Violet A. Selan (claimant) has appealed from an order of the Unemployment Compensation Board of Review (Board) which denied her benefits because of her willful misconduct pursuant to Section 402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(e). We affirm.

On September 12, 1978, claimant, a nurse's assistant, was discovered smoking in a patient's bathroom contrary to the published rules of her employer, The Methodist Home (Home). After a discussion with the Home's personnel director, during which claimant signed a statement acknowledging that she had violated the Home's rules, claimant was discharged. Claimant's application for benefits was denied at all levels by the compensation authorities, and this appeal followed.

Although claimant admits that she was smoking in a patient's bathroom while on a comfort break, nevertheless she argues that her conduct did not violate the Home's smoking rules and therefore cannot constitute willful misconduct.[1] We disagree.

The Home's personnel handbook clearly provided that smoking was allowed only in specially designated areas.[2] In keeping with this policy, the Home set aside five employee smoking areas, none of which included the location where claimant smoked. A memo designating these smoking zones was posted on all employee bulletin boards and was read at various employee meetings. Although claimant denied any knowledge of this memo, the Board, as the ultimate factfinder, *see Unemployment Compensation Board of Review v. Wright*, 21 Pa. Commonwealth Ct. 637, 347 A.2d 328 (1975), chose to believe otherwise. Further, it is undisputed that claimant had received a personnel handbook and was aware of the smoking rule in

---

[1] The Home also charged that claimant was on an unauthorized break when she was detected smoking. The Board, however, failed to make a specific finding on this issue and therefore we will not consider it on appeal.

[2] The Home's smoking policy reads:

Smoking can be very offensive. It also creates a health and fire problem.

You must refrain from smoking in offices, resident areas, elevators, corridors, or any area where it might be hazardous. In fact, you should not smoke in the public view. All 'No Smoking' signs must be observed. *Your Department Director will inform you of the areas in which you are permitted to smoke.* Smoking is permitted during break times and at meal times in these designated smoking areas.

Smoking is permitted in vehicles only if residents are not present.

Use ash trays to keep The Home clean and to prevent fires. Special care must be exercised when oxygen or other inflammable gases may be present. (Emphasis added.)

it. These factors, combined with claimant's signed admission concerning the rule, constitute substantial evidence to support the Board's findings on claimant's knowing violation of the rule.[3]

Claimant next argues that, even if she did violate the Home's rule on smoking, the violation was de minimis and did not rise to the level of willful misconduct. Again, we disagree, for it is settled that a *deliberate* violation of a reasonable employer rule, without good cause, constitutes willful misconduct. *Lipfert v. Unemployment Compensation Board of Review*, 46 Pa. Commonwealth Ct, 206, 406 A.2d 251 (1979); *Urso v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 593, 396 A.2d 70 (1979). Although this court has held that certain technical or harmless infractions of an employer's rules or standards of behavior do not constitute willful misconduct, *see e.g., Williams v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 641, 380 A.2d 932 (1977), and cases cited therein, we have also stated that this rule is inapplicable where, as here, there is a knowing violation of the employer's rules or standards. *General Electric Co. v. Unemployment Compensation Board of Review*, 49 Pa. Commonwealth Ct. 468, 411 A.2d 578 (1980).

---

[3] Although claimant challenges the use of her signed admission, citing *O'Keefe v. Unemployment Compensation Board of Review*, 18 Pa. Commonwealth Ct. 151, 333 A.2d 815 (1975) (signed admission by a claimant admitting a knowing violation of his employer's rule did not constitute substantial evidence of willful misconduct where it was the only evidence that indicated claimant violated any of the employer's rules), we believe that claimant's case is closer to *Kostik v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 32, 315 A.2d 308 (1974), where a similar statement, *in conjunction* with other corroborating evidence, was sufficient to prove willful misconduct. *See also Moorefield Unemployment Compensation Case*, 169 Pa. Superior Ct. 481, 82 A.2d 501 (1951).

Thus, in view of the obvious reasonableness of the Home's smoking policy and claimant's failure to advance any justification for her conduct, the Board did not err in its finding of willful misconduct.[4]

Finally, claimant's reliance on *Morgan v. Unemployment Compensation Board of Review*, 174 Pa. Superior Ct. 59, 98 A.2d 405 (1953), for the proposition that a remand is required because the Board did not specifically consider claimant's good work record in its decision is misplaced. In *Morgan*, a remand was necessary because the referee failed to allow any testimony on the claimant's work record and this testimony later became relevant when the Board, on appeal, changed the basis of claimant's ineligibility from Section 402(b)(1) to Section 402(e). Here, however, the referee did allow testimony on claimant's work record but the Board apparently did not consider it sufficient to outweigh claimant's misconduct. *See Food Fair Stores, Inc. v. Unemployment Compensation Board of Review*, 11 Pa. Commonwealth Ct. 535, 314 A.2d 528 (1974) (a single act of misconduct by a long-term employee with a good work record may constitute willful misconduct). Since an administrative agency is not required to set forth findings specifically rejecting each and every allegation of a party, and its reasons for the rejection, *Campbell v. Pennsylvania State Police*, 47 Pa. Commonwealth Ct. 574, 408 A.2d 591 (1979), we enter the following

ORDER

AND Now, this 4th day of June, 1980, the order of the Unemployment Compensation Board of Review, dated March 7, 1979, is hereby affirmed.

---

[4] As recognized in the Home's personnel handbook, smoking is not only a health and fire hazard but also a habit that is offensive to a growing number of people. This fact is of special significance since claimant was smoking in a *patient's* bathroom.