Alfredo Rolon, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent. Horace W. Longacre, Inc., Intervenor.

Argued April 10, 1981, before Judges ROGERS, CRAIG and PALLADINO, sitting as a panel of three.

*Pablo Santana,* for petitioner.

No appearance for respondent.

*Richard H. Greenberg, Pearstine-Salkin Associates,* for intervenor.

OPINION BY JUDGE ROGERS, June 1, 1981:

Alfredo Rolon has appealed from an order of the Unemployment Compensation Board of Review (Board) affirming the decision of a referee denying Rolon unemployment compensation benefits on the ground of willful misconduct. Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We affirm.

Virtually all of the facts of this case are in dispute. However, the findings of facts of the referee, which were affirmed by the Board, state the following: Rolon was employed by Longacre Poultry, Inc. as a keel boner for approximately two years. His last day of work was June 29, 1979. Throughout the course of his employment, Rolon was repeatedly warned, both orally and in writing, about leaving his work area without permission and interferring with the work of other

employees. Rolon's conduct caused him to have a low productivity rating. One week prior to his last day of work, Rolon was orally warned by his supervisor that if he again left his work station without permission he would be fired. Rolon thereafter continued to leave his assigned area without permission and was subsequently discharged.

Rolon was denied unemployment compensation benefits by the Office of Employment Security on the ground of willful misconduct. Upon appeal by Rolon, a referee's hearing was held, at which Rolon, represented by counsel, testified. Three representatives of Longacre Poultry, including Rolon's supervisor, also testified. The referee affirmed the Office's determination. The Board subsequently affirmed the referee's decision.

Although it is not clear from the briefs, Rolon apparently contends that the Board's findings of fact are erroneous because they conflict with Rolon's testimony given before the referee. However, the resolution of conflicts in the evidence and the assessment of the credibility of witnesses and the weight to be accorded items of evidence are matters for the Board. *See, e.g., Roach v. Unemployment Compensation Board of Review*, 31 Pa. Commonwealth Ct. 424, 376 A.2d 314 (1977). We have thoroughly reviewed the record and we have found each of the Board's findings of fact to be amply supported by substantial evidence. Accordingly, we may not disturb these findings. *Yasgur v. Unemployment Compensation Board of Review*, 16 Pa. Commonwealth Ct. 33, 328 A.2d 908 (1974).

Rolon next specifically challenges the Board's finding that Rolon was discharged for leaving his work station without permission. Rolon says that he was actually fired for failing to sign a written warning given him by his supervisor concerning his repeated absences from his work station and that this refusal

does not constitute willful misconduct. Rolon bases this challenge on the following testimony of Fred Moyer, Rolon's supervisor at the time that he was discharged, which was elicited on cross-examination:

CL: ... Now was Mr. Rolon asked to sign that warning?

ER: Yes, he was.

CL: And was he told if he didn't sign it, he would be fired?

ER: Yes.

CL: And he refused to sign it?

ER: He refused.

CL: And he was fired?

ER: Yes.

Mr. Moyer, however, later testified on redirect:

EL: Did you testify that the reason Mr. Rolon was terminated was because he wouldn't sign a notice?

ER: That's what I said, but I don't think that's why he was fired.

EL: Well why was he terminated, do you know?

ER: Because he wasn't doing the job.

Moreover, the testimony of the two other employer representatives, as well as the employer's written response to the Office of Employment Security's "Notice of Registration Renewal and Request for Separation Information," clearly show that Rolon was discharged for repeatedly leaving his work station without permission. Thus, there is substantial evidence to support the Board's finding.

Rolon also contends that he was guilty of only a single instance of misconduct and that the Board therefore erred in failing to examine whether or not Rolon's conduct was reasonable and justifiable under the circumstances. *See Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 351 A.2d

631 (1976). As we have said, the record contains evidence that Rolon's inattention to his work persisted over the course of his employment.

As for Rolon's complaint that the Board ignored his assertedly justifiable reasons for leaving his work station without permission, the Board's description of Rolon's conduct provides sufficient indication that the Board considered and rejected Rolon's testimony in this regard. The Board is not required specifically to reject, with reasons, every contention of the parties. *See, e.g., Selan v. Unemployment Compensation Board of Review,* 52 Pa. Commonwealth Ct. 7, 11, 415 A.2d 139, 141 (1980).

Order affirmed.

### ORDER

AND Now, this 1st day of June, 1981, the order of the Unemployment Compensation Board of Review, dated September 25, 1979, affirming the decision of a referee denying unemployment compensation benefits to Alfredo Rolon, is affirmed.