Edward J. Wright, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 3, 1982, before Judges Rogers, Craig and MacPhail, sitting as a panel of three.

*Michael Anthony De Fino,* for petitioner.

*Charles G. Hasson,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

Opinion by Judge MacPhail, May 19, 1982:

Edward J. Wright, Jr. (Claimant) appeals a decision of the Unemployment Compensation Board of Review (Board) affirming the referee's denial of benefits on the basis of willful misconduct. *See* Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937), *as amended,* 43 P.S. §802(e).

Claimant was last employed by The Bulletin Co.[1] (Employer), as a district manager from November 21, 1979 until May 30, 1980. One of Claimant's many

---

[1] A Philadelphia daily newspaper in circulation at the time of this appeal.

duties was to collect money from agencies and newspaper carriers in his district and then deposit it into the Employer's bank account. On Sunday, May 25, 1980, as Claimant collected the carriers' money he placed it in a money bag. Upon arriving at his last stop, he placed the money bag in the trunk of his car for safe keeping and went into the carrier's home to collect his money. When Claimant returned to his car he found the money bag was missing, as well as some of his personal belongings. Since this incident occurred on Memorial Day weekend, it was not until Tuesday, May 27, 1980, that Claimant informed his Employer that the newspaper money had been stolen.

A company rule mandated that monies collected by district managers be deposited as soon as possible after collection even if making mulitple bank deposits was necessary. Claimant contends he was unable to make these deposits because the bank was closed on Sunday and he didn't have a key to the night depository. Claimant also stated he was never told "exactly what to do" concerning banking procedures. He alleges he was following the same procedure he always used and his Employer never corrected him before. The Employer contended contra, that Claimant had been given a night deposit key and, if for any reason he did not have one, he could readily have obtained an extra key from the bank. Employer also introduced evidence that Claimant was instructed on proper banking procedures.

Upon learning of the loss, Employer advised Claimant that he was required to replace the stolen money. The Claimant told the Employer he would try to borrow the money. He was instructed to call the Employer that same afternoon[2] when he learned

---

[2] The testimony is in conflict about the details as to how much time Claimant had to come up with the money and as to whether Claimant ever called Employer. No finding was made by the referee or the Board to resolve these conflicts.

whether he could get a loan. Claimant was also told that he would be terminated if he did not repay the money. Finally, Claimant was placed on vacation status while the Employer and Claimant tried to work out the problem.

During this interim period while Claimant was on vacation, specifically May 30, 1980, Claimant was asked by Employer to turn in his branch sheets and insurance files immediately. By letter on June 5, 1980, Claimant was told again to return these items. Those files showed balances from and collections made by carriers under Claimant's supervision and were very important to Employer's on-going business. On this critical point, the testimony is in dispute. Claimant contended he did not have any of these files in his possession; however, it does appear from a note Claimant wrote to Employer that some of the files must have been in his possession for he said "I'll be in this week to return the insurance files." The Board[3] resolved this conflict in evidence against the Claimant and found that the files were not returned until a week later.

Claimant urges us in this appeal to find that he did not commit any acts of willful misconduct. The Board found that Claimant was terminated for neglect of Employer's rules and instructions and hence ineligible on the basis of willful misconduct. We affirm.

As has been stated by this Court many times before, the issue of willful misconduct[4] is a question of law for our review. *Murraysville Telephone Co. v. Un-*

---

[3] The Board affirmed the referee's decision without modification or supplementary opinion.

[4] The burden of proving willful misconduct is on the employer. *Gane v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 292, 293, 398 A.2d 1110, 1111 (1979). When the party bearing the burden of proof prevails before the Board, as the Employer did here, we must determine on appeal whether an error

*employment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 35, 398 A.2d 250 (1979). Fact findings by the Board are conclusive on us as long as the record contains substantial supporting evidence. *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 355, 378 A.2d 829, 831 (1977). After a thorough review of the record, we are satisfied that substantial evidence exists to support the Board's critical findings.

The testimony concerning Employer's reasons for terminating Claimant is not entirely clear from the record but there is substantial evidence to support the Board's finding that Claimant was terminated for neglect of the Employer's rules and instructions, specifically, the Claimant's failure to turn in his branch sheets and insurance files as he had been instructed to do. In view of the importance of these items to Employer while someone else was performing Claimant's duties, we hold that such conduct on the part of the Claimant constituted intentional and substantial disregard for the Employer's interest as well as serious disregard of his responsibilities to Employer, and, therefore, was willful misconduct under our decision in *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). We have held that a single instance of dereliction of duty may constitute willful misconduct where such conduct is more than of a minor, casual or insignificant nature, and where there is a knowing violation of the Employer's instructions. *Selan v. Unemployment Compensation Board of Review,* 52 Pa. Commonwealth Ct. 7, 415 A.2d 139 (1980), *aff'd per curiam,* 495 Pa. 338, 433

---

of law has been committed and whether any necessary finding of fact is unsupported by substantial evidence in the record. *Roach v. Unemployment Compensation Board of Review,* 31 Pa. Commonwealth Ct. 424, 427, 376 A.2d 314, 315 (1977).

A.2d 1337 (1981). We hold Claimant's actions in the instant case to be such a knowing violation.

Order affirmed.

ORDER

AND Now, this 19th day of May, 1982, the decision of the Unemployment Compensation Board of Review, numbered B-190593 and dated December 15, 1980, is hereby affirmed.

Judge MENCER did not participate in the decision in this case.