562 A.2d 950

**Barbara ROTH, Administratrix of the Estate of John D. Roth, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (ARMSTRONG WORLD INDUSTRIES), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 23, 1989.

Decided July 31, 1989.

1

2

Harvey S. Miller, Windolph, Burkholder, Stainton & Gray, Lancaster, for petitioner.

W. Jeffrey Sidebottom, Barley, Snyder, Cooper & Barber, Lancaster, for respondents.

Before DOYLE and McGINLEY, JJ., and BARBIERI, Senior Judge.

DOYLE, Judge.

This is an appeal by Barbara Roth, Administratrix of the Estate of John D. Roth (Petitioner), from an order of the Workmen's Compensation Appeal Board which affirmed a referee's determination to deny Claimant's petitions for compensation arising out of a May 29, 1985 incident.[1]

1. During the pendency of this litigation John D. Roth, who was the subject of the initial petitions, died. His widow applied for permis-

The referee made the following pertinent findings. In August of 1985 John D. Roth (Decedent) filed two reinstatement petitions alleging total disability as of June 21, 1985 as a result of work-related injuries to either his knees or his heart.[2] The referee found that on May 29, 1985 the freight elevator which Decedent was operating became overloaded and fairly quickly descended two floor levels. This incident necessitated a hospital stay of a few days. Decedent alleged that this incident aggravated a preexisting problem with respect to his knees and alternatively alleged that the incident aggravated a preexisting heart condition. Claimant was also readmitted to the emergency room twice in June 1985 for heart problems. It is only the claim pertaining to the heart condition that we are asked to review.

The referee found, based upon the evidence, that Decedent had a long standing heart problem ranging as far back as 1982. In 1984 he had to undergo bypass surgery. Although he was considered a candidate for a heart transplant, because of another medical problem it was determined he would be an inappropriate candidate. The referee specifically found that all of Decedent's heart problems were non work-related. Beginning in early May, prior to the elevator incident, Decedent began having an increase in symptoms of chest pain which necessitated several visits to the emergency room at the hospital. The referee determined that Decedent's long standing heart problem coupled with the fact that he was considered by doctors as needing a new heart months before the elevator incident, led to a conclusion that Decedent's heart condition was not work-related. Accordingly, benefits were denied. On appeal the Board affirmed the referee's decision and appeal to this Court followed.

sion to substitute herself and by order of this Court dated March 22, 1989 Petitioner was substituted.

2. Claimant in his petitions for reinstatement indicated that his compensation benefits had ceased on June 21, 1985. Accordingly, the referee determined to treat the two petitions as claim petitions and consolidated them for purposes of disposition.

Before this Court Petitioner raises various arguments which we shall consider seriatim, keeping in mind that our scope of review is limited to determining whether the necessary findings of fact are supported by substantial evidence and whether there has been a constitutional violation or an error of law. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

Petitioner first argues that the referee committed error because he failed to set forth an explanation as to why the testimony of Decedent's doctor was rejected in favor of the testimony of a non-treating doctor. As support for the proposition that the reason why probative evidence has been rejected must be set forth in the adjudication, Petitioner cites to a third circuit case [3] decided under *federal* administrative agency law. Unfortunately for Petitioner her case is controlled by the provisions of Section 507 of Pennsylvania's Administrative Agency Law, 2 Pa.C.S. § 507, rather than federal law. And, it is clear that with respect to Pennsylvania's administrative agency proceedings the agency is not required to set forth findings specifically rejecting each and every allegation of a party. *Campbell v. Pennsylvania State Police*, 47 Pa.Commonwealth Ct. 574, 408 A.2d 591 (1979); *Selan v. Unemployment Compensation Board of Review*, 52 Pa.Commonwealth Ct. 7, 415 A.2d 139 (1980) *affirmed per curiam*, 495 Pa. 338, 433 A.2d 1337 (1981). Thus, we find that although the referee did not explain specifically why she rejected certain testimony, her failure to do so was not fatal to the adjudication.

Next, Petitioner maintains that the testimony of Employer's doctor is internally inconsistent. The basis for Petitioner's contention is that while Decedent's doctor testified as to his belief that Decedent was able to return to gainful employment with restrictions, Employer's doctor testified that Decedent was not able to return to work. While Petitioner may feel that there is an inconsistency

3. *Cotter v. Harris*, 642 F.2d 700 (3rd Cir.1981).

here, we find none. Instead, we find disparate medical opinions given by two expert witnesses. Petitioner's expert witness may very well have opined that Decedent was able to return to work on a limited basis. Employer's medical witness, however, disagreed and felt that Decedent was totally disabled and should not do any work whatsoever. While, in fact, Decedent may have returned to work during the time Employer's doctor felt Decedent was totally disabled (although not due to a work-related injury) this is merely a factor for the referee to consider in weighing the testimony of Employer's doctor. In short, what we have is simply a disagreement between two medical experts and the referee acted within her province in choosing one as more credible than the other. *See Colt Industries v. Workmen's Compensation Appeal Board,* 51 Pa.Commonwealth Ct. 354, 414 A.2d 439 (1980).[4]

Next, Petitioner alleges that Decedent's disability was caused by a work-related aggravation of a preexisting condition and accordingly, is compensable. It is true, as Petitioner asserts, that heart attacks are compensable injuries if they arise in the course of employment and are related thereto. *Krawchuk v. Philadelphia Electric Co.,* 497 Pa. 115, 439 A.2d 627 (1981). But, Employer's doctor, whom the referee found credible, testified only that while Decedent's heart injuries may have been totally disabling they were not caused by his employment. Specifically, the doctor indicated that while the elevator episode may in fact have caused a recurrence of chest pain it was nothing more than a transient episode of the type that Decedent had experienced before. Deposition of Dr. Esbenshade, pp. 16, 25. The doctor further stated that Decedent's "total disability was due to the myocardial infarction that took place in November of 1984, which precipitated his emergency

4. Petitioner contends that the referee and the Board failed to distinguish between medical disability and legal disability. We cannot agree. In crediting Employer's witness the referee determined that Decedent, *according to Employer's doctor,* had been medically disabled at a time when Petitioner's doctor, having released Decedent to light duty work, obviously held a contrary view.

cardiac surgery and resulted in the marked damage to the function of his heart, as measured after the cardiac surgery," and that the "myocardial infarction was not work-related." pp. 18. Finally, the doctor opined that Decedent's two June 1985 admissions to the hospital had no relationship to the elevator incident because the diagnoses made by the physicians on the two June admissions were chest wall pain whereas the admission of May 29 was for "crescendo angina." p. 32. This evidence clearly supports the referee's determination that Decedent's heart condition was not work-related.

Accordingly, based upon the foregoing discussion, the order of the Board is affirmed.

### ORDER

NOW, July 31, 1989, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.