Wilbert E. Schafer, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 13, 1977, before President Judge Bowman and Judges Mencer and Blatt, sitting as a panel of three.

*Albert J. Jones,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

Opinion by Judge Mencer, October 24, 1977:

Wilbert E. Schafer (claimant) has brought this appeal from a decision of the Unemployment Compensation Board of Review (Board). The Board affirmed a referee's denial of benefits based on a finding of willful misconduct under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We affirm.

Prior to February 19, 1976, claimant was employed by F & E Trucking, Inc., as an auto mechanic. On

February 12 and 13, 1976, he was absent from work, apparently due to illness. When he returned to work on Monday, February 16, he punched his time card for three days, the 12th, the 13th, and the 16th. All three entries were dated February 16. Claimant stated that he punched the card by mistake, even though he admitted that he could have crossed out the improper entries. The employer's evidence indicated that claimant did not bring this error to their attention *and* that he later demanded to be paid for all three days. Claimant was discharged.

The referee found claimant guilty of willful misconduct for punching in for days not worked and for refusing to perform a job assignment[1] and denied benefits. When the Board disallowed his appeal, claimant appealed to our Court.

We have defined willful misconduct to include a disregard of standards of behavior which the employer has a right to expect of its employees. *Lee v. Temple University (Personnel)*, 26 Pa. Commonwealth Ct. 156, 363 A.2d 890 (1976). A single incident, if sufficiently serious, may warrant a conclusion of willful misconduct. *Roach v. Unemployment Compensation Board of Review*, 31 Pa. Commonwealth Ct. 424, 376 A.2d 314 (1977). In *Lee, supra,* the claimant, a supervisor, testified that she altered the time cards of other employees if they had reasonable excuses for being late or leaving early. Speaking for the Court, Judge BLATT stated:

> [W]e believe that the findings of the referee and the Board demonstrate that her conduct in making changes on employee time cards

---

[1] The employer's evidence indicated that claimant refused to make out a temporary plate application on February 19. Since we hold that claimant was guilty of willful misconduct for his actions concerning the time card, we do not decide whether there was sufficient competent evidence in the record to support a finding of refusal to perform a work assignment.

amounted to a disregard of the standard of behavior which the employer had a right to expect of her, and this was willful misconduct, apart from whether or not it can be said that she violated work rules applicable to supervisory personnel.

26 Pa. Commonwealth Ct. at 160, 363 A.2d at 892.

The reasoning behind *Lee* is equally applicable here. An employer has a right to expect that his employees will be scrupulously honest in reporting the amount of time they have worked. Although there was conflicting testimony as to the innocence of claimant's error this was a matter of credibility properly resolved by the Board. *See Roach, supra.* We therefore conclude that claimant's punching of his time card for days not worked constituted willful misconduct under the circumstances here.

ORDER

AND Now, this 24th day of October, 1977, the order of the Unemployment Compensation Board of Review, dated August 26, 1976, denying benefits to Wilbert E. Schafer, is hereby affirmed.