Irving S. Karpe, t/a Yellow Cab Company, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 4, 1978, before Judges CRUMLISH, JR., BLATT and CRAIG, sitting as a panel of three.

*Michael R. Muth,* with him *Katz, Katz and Muth,* for petitioner.

*William Dade,* Assistant Attorney General, with him *Gerald Gornish,* Acting Attorney General, for respondent.

OPINION BY JUDGE CRAIG, May 25, 1979:

Employer Yellow Cab Company has appealed from an order of the Unemployment Compensation Board

of Review (Board), which affirmed a referee's decision that claimant's dismissal was not due to acts that amounted to "willful misconduct" under Section 402(e) of the Unemployment Compensation Law,[1] and therefore, that he was not disqualified from benefits under the Law.

The employer, to justify the dismissal, alleged the occurrence of seven "accidents" between December 31, 1976 and January 30, 1977 as proof that claimant did not meet the degree of driving care required of a taxi driver. On this appeal, the employer essentially argues that the series of incidents should constitute willful misconduct, particularly because of the higher degree of care to which the employer, a common carrier, is held under general negligence law.

Employer bears the burden of proving that a discharge of an employee occurred due to the employee's willful misconduct, *Coulter v. Unemployment Compensation Board of Review,* 16 Pa. Commonwealth Ct. 462, 332 A.2d 876 (1975). Whether or not an employee's actions constitute willful misconduct is a question of law. *Nyzio v. Lee Tire & Rubber Co.,* 26 Pa. Commonwealth Ct. 600, 364 A.2d 981 (1976).

In another taxi case, our Superior Court has included as willful misconduct ". . . a series of accidents, *attributable to negligence,* occurring periodically and with consistent regularity, which produces *substantial loss to the employer* [which] will support the conclusion that the employe has recklessly or carelessly disregarded his duties, or has been indifferent to the requirements of his occupation. . . ." *Allen Unemployment Compensation Case,* 168 Pa. Superior Ct. 295, 298, 77 A.2d 889, 890 (1951). (Emphasis added.)

---

[1] Act of December 15, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Of the seven "accidents" the employer alleged, the actual occurrence of three of them was disputed. As to the remaining incidents, the record supports the conclusion that all but one involved getting stuck in the snow. In the remaining incident, claimant locked bumpers with another cab in the parking lot. The employer produced no evidence either of claimant's negligence or that it suffered any kind of significant financial loss as a result of these incidents.

Our review of the record shows that the findings have substantial support in the evidence. We cannot alter the compensation authorities' resolution of the conflicting evidence. *See Roach v. Unemployment Compensation Board of Review*, 31 Pa. Commonwealth Ct. 424, 376 A.2d 314 (1977); *Peluso v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 250, 315 A.2d 340 (1974).

The employer argues that in finding that the employee "worked to the best of his ability," the Board applied the wrong legal standard. On the basis of the record, we conclude that the Board simply meant that there was no showing of such negligence as to support a conclusion that the employee demonstrated a careless indifference to, or conscious disregard of his duties. *See Gossett Unemployment Compensation Case*, 188 Pa. Superior Ct. 189, 146 A.2d 333 (1958). Although willful misconduct can include "a disregard of standards of behavior which the employer has a right to expect of its employees," *Schafer v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 200, 202, 378 A.2d 1044, 1045 (1977), the employer here had not alleged that claimant violated any specific rules or regulations, nor that he exhibited a conscious indifference to any rules or reasonable expectations.

Even though an employer believes a dismissal justifiable to protect its insurance status against an "ac-

cident-prone'' employee, nevertheless, that in itself would not disqualify the employee from receiving unemployment compensation benefits. Mere ineptness by the employee, greater than an employer might reasonably want to assume because of insurance, does not amount to a showing of willful misconduct. *Compare Quinn Unemployment Compensation Case*, 201 Pa. Superior Ct. 152, 191 A.2d 714 (1963); *Gossett Unemployment Compensation Case, supra; Allen Unemployment Compensation Case, supra,* with *Shirley Unemployment Compensation Case*, 198 Pa. Superior Ct. 296, 181 A.2d 709 (1962).

Therefore, our review of the record requires that we affirm the Board because the employer did not meet its burden to establish willful misconduct.

ORDER

AND Now, this 25th day of May, 1979, the order of the Unemployment Compensation Board of Review at Appeal No. B-77-3-I-74, granting unemployment compensation benefits to claimant, Robert E. Bogan, is affirmed.