584 So.2d 1270 (1991)
MISSISSIPPI EMPLOYMENT SECURITY COMMISSION
v.
Bettie G. BELL.
No. 90-CC-0107.
Supreme Court of Mississippi.
August 14, 1991.
*1271 Jan Garrick, Mississippi Employment Sec. Com'n, Jackson, for appellant.
No Brief Filed for appellee.
Before ROY NOBLE LEE, C.J., and ROBERTSON and McRAE, JJ.
McRAE, Justice, for the Court:
This is an appeal from a judgment of the Circuit Court of Hinds County reversing the holdings of the Mississippi Employment Security Commission which denied unemployment compensation benefits to appellee, Bettie G. Bell. We hold that Ms. Bell's absenteeism did not amount to misconduct and affirm the lower court's decision granting her unemployment compensation benefits.
We have addressed Miss. Code Ann. § 71-5-513 A(1)(b) and whether absenteeism constitutes misconduct many times. The instant case is novel, which requires us to revisit our definition.
Bell filed her initial claim with the Mississippi Employment Security Commission (hereinafter MESC) on June 13, 1989. Shortly thereafter, the claims examiner disqualified Bell for benefits under Miss. Code Ann. § 71-5-513 A(1)(b) on the ground that she was discharged for misconduct connected with the work.
Bell then filed an appeal and the appeals referee affirmed the claims examiner's determination evidenced by the following opinion:
Section 71-5-513A(1)(b) of the Law provides that an individual shall be disqualified for benefits for the week or fraction thereof which immediately follows the day on which he (she) was discharged for misconduct connected with the work, if so found by the Commission, and for each week thereafter, until he (she) has earned remuneration for personal services equal to not less than eight (8) times his (her) weekly benefit amount as determined in each case.
The term "misconduct" as used in the Mississippi Employment Security Law is usually defined as an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of the standard of behavior which an employer has the right to expect of an employee, or negligence indicating an intentional disregard of the employer's interest or of the employee's duties and obligations to the employer.
An employer has the right to expect an employee to report for work as scheduled on a regular and timely basis and to give proper notification when absent. In this case, the claimant was informed of the company attendance policy and did progress through disciplinary action dictated by the policy. It is the opinion of the Referee that the cumulative incidents which resulted in her discharge are for disqualifying factors as cited in the misconduct section of the Law. The decision of the Claims Examiner is in order.
Subsequently, Bell filed a notice of appeal to the Board of Review which affirmed the referee's decision.
Bell then filed an appeal with the Circuit Court of Hinds County, which reversed the Review Board's decision on January 10, 1990, and stated, in pertinent part, as follows:
[T]his court reads the decision of the MESC as concluding that the mere fact appellant's discharge was a result of recurrent incidents and progressive discipline is sufficient to establish misconduct. In its findings of fact, however, the MESC established that appellant's "attendance was affected because of transportation problems and difficulty she experienced in finding a reliable person to take her children to school. She was discharged as the result of her accumulative *1272 attendance problems, although step four, or termination, resulted when she missed work because of injury to her finger, for which she was under the care of a doctor." It also found that appellant had been an employee of Frito Lay for thirteen years.
That this court, if charged with the initial responsibility of weighing the evidence, might find otherwise, is insufficient for reversal where there is substantial evidence to support the MESC decision. In this case there is no such evidence. Clearly appellant tried to keep her job under trying personal circumstances... .
* * * * * *
[T]here is no substantial evidence of misconduct rising to the level of the clear and convincing standard. This is not to say that continued absenteeism or tardiness cannot be grounds for misconduct under any circumstances... . Here, however, a long term employee experienced difficulty over a relatively short period because of a domestic situation and other mishaps. No wilfulness can be reasonably inferred.
Frito Lay employed Bell, as a laborer, for thirteen years. John Clary, Bell's supervisor, terminated her for excessive absenteeism on March 27, 1989. At the hearing Clary explained that the company's attendance policy operates on a 60 day time frame and elaborated as follows: (1) each incidence of tardiness is considered a half an occurrence; (2) each absence is a full occurrence; (3) after the first three occurrences an oral warning is issued; (4) the next occurrence results in a written warning; (5) the next occurrence requires a three-day suspension; and (6) the next occurrence results in termination.
Bell's attendance calendar reflected (1) she was late on January 25 and 26 totalling one occurrence; (2) she was late on January 30 and February 1 totalling one occurrence; and (3) she was absent on February 8 and 9 and called in late, totalling one occurrence. Bell received an oral warning on February 14.
Thereafter, on February 14 and 15 she returned to work late and received a written warning. On February 17 and March 6 she came to work late and received a final warning which was a three day suspension. On March 17 she was absent and called in late, and on March 20 and 21 she was also absent. Pursuant to Frito Lay's attendance policy, Clary terminated Bell on March 27.
Bell testified that even though she had been at work every day, she was terminated due to excessive absenteeism. Her problems seemed to arise as a result of changing from third shift to first shift because she could not pick up her children from school in the afternoon. After her first warning on February 14, she went to Clary and asked if she could take her lunch break from 2:15 and 2:45 so she could pick up her children and he said "No." She explained that she was late calling in on February 8 and 9 because her car would not start and she did not have a phone. On March 17 she got her finger caught in the steering wheel and had to go to the doctor but did report to work. She had a doctor's excuse for March 20 and 21.
MESC argues that the trial court's failure to affirm the board of review's decision was against the overwhelming weight of the evidence. Judicial review, under Miss. Code Ann. § 71-5-531 (1972), is limited to questions of law, to-wit:
In any judicial proceedings under this section, the findings of the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law.
Id.; see also Ray v. Bivens, 562 So.2d 119, 121 (Miss. 1990) (scope of review limited to finding of board of review); Manor v. McLeod, 511 So.2d 1383, 1385 (Miss. 1987) (same); Mississippi Employment Sec. Comm'n v. Sellers, 505 So.2d 281, 283 (Miss. 1987) (same).
In the instant case, the referee's findings of fact were as follows:
The claimant was employed for thirteen years as a laborer with Frito Lay, Jackson, Mississippi, ending March 27, 1989, when she was discharged for violation of the company attendance policy. She had *1273 progressed through company disciplinary action which provided for an oral warning, written warning, a three-day suspension, and step four was termination or discharge. The disciplinary action was the result of the claimant reporting late and failing to give a one hour advance notice of her absence covering a period of time from January 25, 1989, until the date of her termination. After the third shift was deleted, the claimant was assigned to the first shift which worked from 7:00 a.m. until 3:00 p.m. Her attendance was affected because of transportation problems and difficulty she experienced in finding a reliable person to take her children to school. She was discharged as the result of her accumulative attendance problems, although step four, or termination, resulted when she missed work because of injury to her finger, for which she was under the care of a doctor.
Because the jurisdiction of this Court is confined to questions of law, the sole question at issue here is whether or not Frito Lay proved by substantial, clear and convincing evidence that Bell's actions constituted misconduct under Miss. Code Ann. § 71-5-513 A(1)(b) (Supp. 1988), which provides:
An individual shall be disqualified for benefits:
For the week, or fraction thereof, which immediately follows the day on which he was discharged for misconduct connected with his work, if so found by the commission... .
Id.; see also Shannon Eng'g & Constr., Inc. v. Mississippi Employment Sec. Comm'n, 549 So.2d 446, 450 (Miss. 1989) (Prather, J.) (employer's burden of proof is by substantial, clear and convincing evidence).
Recently this Court addressed Miss. Code Ann. § 71-5-513 and the definition of misconduct in Mississippi Employment Security Commission v. Martin, 568 So.2d 725 (Miss. 1990) wherein it stated that:
[D]isqualification for unemployment benefits results from misconduct, which is conduct evincing such willful and wanton disregard of the employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employees.
Martin, 568 So.2d at 727 (citing Wheeler v. Arriola, 408 So.2d 1381 (Miss. 1982)).
Martin involved an alcoholic employee who, after receiving treatment for his alcoholism, was informed by his employer that any further absences due to his alcoholism would be considered unexcused. Martin, 568 So.2d at 726. After receiving three consecutive unexcused absences and a subsequent warning, the company terminated him. Id. This Court reinstated the Mississippi Employment Security Commission's decision by holding that Martin's three consecutive unexcused absences constituted "misconduct" within Miss. Code Ann. § 71-5-513 A(1)(b) (1972). Id. at 727-29.
In Ray v. Bivens, 562 So.2d 119 (Miss. 1990) Dupont discharged an employee, after several warnings, for sleeping on the job. Ray, 562 So.2d at 119-20. This Court held that the employee's actions constituted misconduct and affirmed the Mississippi Employment Security Commission's decision. Id. at 121. Additionally, this Court in Martin further explained its Ray decision as follows:
In Ray v. Bivens, 562 So.2d 119 (Miss. Sup.Ct. 1990) the Mississippi Employment Security Commission denied unemployment benefits to the claimant, who was terminated for sleeping on the job. This Court affirmed. Some people either are addicted to sleep habits or cannot control them. Other people do things on the job which violate the employer's rules or which their employer cannot tolerate. Their termination would fall in the same category as the case-at-bar and Ray v. Bivens.

Martin, 568 So.2d at 729. Both Ray and Martin are factually distinguishable from the case sub judice.
In affirming the lower court's decision, we follow the reasoning set forth in McCourtney v. Imprimis Technology, Inc., 465 N.W.2d 721 (Minn. Ct. App. 1991). Imprimis employed McCourtney for 10 1/2 years and her record demonstated that she had no attendance problems prior to giving *1274 birth. McCourtney, 465 N.W.2d at 723. Due to her child's illness, McCourtney was frequently absent from January until May 1990. Id. After the company issued McCourtney a written warning, she unsuccessfully sought alternative childcare. Id. The company issued McCourtney an additional written warning before terminating her for excessive absenteeism. Id. On appeal, the Minnesota Appellate Court reversed the Commissioner's denial of benefits and reasoned as follows:
In light of McCourtney's good faith efforts, her inability to find care for her child is not "misconduct"... . McCourtney's actions were motivated by a willful regard for her child's interests and not a wanton disregard of her employer's interest or lack of concern for her job. Where the circumstances do not overwhelmingly demonstrate that an employee's absences are deliberate, willful, or equally culpable, we may also examine the employee's history, conduct, and underlying attitude.
Id. at 724-25.
In the instant case, Bell appears to be a victim of circumstances. She was a good employee for 13 years, and it was only after her work schedule changed that she began to have problems on the job. When she attempted to alleviate her problems, her supervisor thwarted her attempt by refusing to change her lunch schedule. In this instance, Bell's good faith effort negates any alleged wanton disregard of her employer's interest. We hold that Frito Lay failed to prove by substantial, clear and convincing evidence that Bell's actions constituted misconduct under Miss. Code Ann. § 71-5-513 A(1)(b) (Supp. 1988).
Therefore, the case is affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN and PITTMAN, JJ., concur.
BANKS, J., not participating.