632 So.2d 926 (1994)
Daniel E. FOSTER
v.
MISSISSIPPI EMPLOYMENT SECURITY COMMISSION & United Parcel Service.
No. 91-CC-0681.
Supreme Court of Mississippi.
February 3, 1994.
Susan Shaw, Tupelo, for appellant.
Fred J. Lotterhos, Jr., Jackson, for appellee.
Before DAN M. LEE, P.J., and McRAE and SMITH, JJ.
McRAE, Justice, for the Court:
In this appeal from an August 8, 1991, order of the Lee County Circuit Court affirming the Mississippi Employment Security Commission's denial of unemployment benefits to Daniel Foster, we are asked to consider whether employee ineptitude amounts to work-related misconduct as contemplated by Miss. Code Ann. § 71-5-513(A)(1)(b) (1972). Finding that Foster's conduct was not willful and that the decisions of the reviewing bodies were not supported by substantial evidence, we reverse and remand this cause to the Mississippi Employment Security Commission for proceedings consistent with this opinion.

I.
Daniel Foster was dismissed by his employer, United Parcel Service (UPS), on January 16, 1991. During his six month tenure as a car washer, Foster, on five occasions, *927 had backed vehicles into stationary objects while preparing to wash them. Any damage to the vehicles was inconsequential.
Foster had been instructed on the proper methods of washing the vehicles. However, his training on the operation of the large delivery trucks was limited to supervised practice in his own passenger vehicle. After each incident, he received additional training. Following the fourth incident, he was given a two-day suspension and warned that he would be terminated if any further accidents occurred.
On January 22, 1991, Foster filed a claim for unemployment compensation pursuant to the Employment Security Act, Miss. Code Ann. § 71-5-1 (1972) et seq. The claims examiner disqualified Foster for benefits under Miss. Code Ann. § 71-5-513(A)(1)(b) for "work-related misconduct." Foster timely filed his appeal of that determination on February 14, 1991.
After a March 26, 1991 hearing, the Appeals Referee affirmed the findings of the claims examiner, denying Foster unemployment benefits on grounds that the excessive number of accidents during the six months he worked for UPS showed negligence constituting misconduct connected with his work. On May 6, 1991, the Board of Review adopted the referee's findings and conclusions without modification.
Foster appealed to the Circuit Court of Lee County. The circuit court affirmed the Commission' actions, holding that the decision of the Board of Review was supported by substantial evidence. Foster filed notice of appeal to this Court on July 9, 1991.

II.
Judicial review of an Employment Security Commission ruling is limited to determination of whether the decision is supported by substantial evidence. Mississippi Employment Security Comm'n v. Sellers, 505 So.2d 281, 283 (Miss. 1987); Piggly Wiggly v. Mississippi Employment Security Comm'n, 465 So.2d 1062, 1065 (Miss. 1985). This Court must review the record to determine whether there is substantial evidence to support the Board of Review's findings of fact, and further, whether, as a matter of law, the employee's actions constituted misconduct disqualifying him from eligibility for unemployment compensation benefits. Booth v. Mississippi Employment Security Comm'n, 588 So.2d 422, 425 (Miss. 1991).
Miss. Code Ann. § 71-5-513(A)(1)(b) (Rev. 1989) provides that an individual may be disqualified for unemployment benefits if he was discharged "for misconduct connected with his work." The employer has the burden of showing by "substantial, clear, and convincing evidence" that the former employee's conduct warrants disqualification from eligibility for benefits. Westbrook v. Greenville Council of Aging, 599 So.2d 948, 949 (Miss. 1992); Mississippi Employment Security Comm'n v. Flanagan, 585 So.2d 783, 785 (Miss. 1991); Mississippi Employment Security Comm'n v. Bell, 584 So.2d 1270, 1272 (Miss. 1991); Shannon Engineering & Construction, Inc. v. Mississippi Employment Security Comm'n, 549 So.2d 446, 450 (Miss. 1989).
Foster contends that his involvement in five accidents during a six month period does not amount to misconduct as contemplated by the statute, and further that there was no evidence tending to prove that he intentionally or deliberately caused the mishaps. The Commission and UPS, on the other hand, assert that Foster's repetitive negligent acts are properly characterized as "misconduct" under criteria articulated by this court in Wheeler v. Arriola, 408 So.2d 1381 (Miss. 1982). Finding that mere ineptitude does not constitute employee misconduct, we disagree with the Commission's findings and reverse the decision of the circuit court.
In Wheeler, we defined misconduct as "carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer's interest or of the employee's duties and obligations." Id. at 1383. We further addressed employee misconduct in Bell, stating:
[D]isqualification for unemployment benefits results from misconduct, which conduct evincing such willful and wanton disregard of the employer's interest as is found in *928 deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employees.
584 So.2d at 1273, quoting Mississippi Employment Security Comm'n v. Martin, 568 So.2d 725, 727 (Miss. 1990).
We found in Wheeler that the evidence supported the Board's finding that the employer had discharged his bookkeeper because he was dissatisfied with her work performance. Because the problems with her work were not due to any willful or intentional neglect, failure to follow instructions or established procedures, or misappropriation of funds, and she had performed the work to the best of her ability, she was not guilty of misconduct so as to preclude her from eligibility for unemployment benefits. Id., 408 So.2d at 1383-1384. Further defining the parameters of employee "misconduct," we stated that "[m]ere inefficiency, unsatisfactory conduct, failure in good performance as a result of inability or incapacity, or inadvertence and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion are not `misconduct' within the meaning of the [unemployment compensation] statute." Id., citing Boynton Cab Co. v. Neubeck, 237 Wis. 249, 296 N.W. 636 (1941); Richardson v. Mississippi Employment Security Comm'n, 593 So.2d 31, 33 (Miss. 1992); Booth, 588 So.2d at 425-426; Mississippi Employment Security Comm'n v. Borden, Inc., 451 So.2d 222, 225 (Miss. 1984).
When determining whether an employee terminated for ineptitude or negligence is eligible for unemployment benefits, most jurisdictions consider the totality of the circumstances involved. A.L. Schwartz, Annotation, Work-Connected Inefficiency or Negligence as "Misconduct" Barring Unemployment Compensation, 26 A.L.R.3d 1356 (1969 and Supp. 1993). In Karpe v. Unemployment Compensation Board of Review, 43 Pa. Commw. 78, 401 A.2d 868 (1979), the Pennsylvania court considered the totality of the circumstances when finding that a cab driver who had been involved in seven minor mishaps over a one year period was not guilty of employee misconduct. The court looked at the nature of the incidents, the absence of proof of significant monetary loss, and the employer's failure to provide evidence of the employee's negligence. 43 Pa.Commw. at 81, 401 A.2d at 869. Finding that the employer failed to meet its burden of proof in establishing willful misconduct, the court stated that:
Although willful misconduct can include "a disregard of standards of behavior which the employer has a right to expect of its employees'" Schafer v. Unemployment Compensation Board of Review, 32 Pa.Commonwealth Ct. 200, 202, 378 A.2d 1044, 1045 (1977), the employer here had not alleged that claimant violated any specific rules or regulations, nor that he exhibited a conscious indifference to any rules or reasonable expectations.
Even though an employer believes a dismissal justifiable to protect its insurance status against an "accident-prone" employee, nevertheless, that in itself would not disqualify the employee from receiving unemployment compensation benefits. Mere ineptness by the employee, greater than an employer might reasonably want to assume because of insurance, does not amount to a showing of willful misconduct.
43 Pa.Commw. at 82, 401 A.2d at 870.
In the case sub judice, there was no evidence that Foster's various mishaps were anything but accidental. On three occasions, he bumped into poles or other vehicles while backing up a large UPS delivery truck. In another incident, he ran over a small sign that had been pushed onto the truck. The employer provided no evidence that Foster had willfully or recklessly disregarded his supervisor's instructions. He admitted that he had been directed to seek assistance when unable to maneuver a truck on his own, but on several occasions, his supervisor and other employees had left for the day. No matter how minor the damage, Foster reported the incidents to his supervisor. Moreover, although UPS presented no evidence regarding any financial losses suffered as a result of the incidents, the record indicates that the damage was insignificant.
Although UPS believed that Foster was ill-suited to the task of parking and washing its delivery trucks, it failed to show by "substantial, clear, and convincing" evidence *929 that his conduct rose to the level of employee misconduct as contemplated by Miss. Code Ann. § 71-5-513(A)(1)(b). Without more, mere ineptitude cannot disqualify a terminated employee from receiving unemployment compensation benefits. Accordingly, we reverse the findings of the circuit court and the Board of Review and remand this cause to the Mississippi Employment Security Commission for further proceedings consistent with this opinion.
REVERSED AND REMANDED TO THE MISSISSIPPI EMPLOYMENT SECURITY COMMISSION FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
HAWKINS, C.J., PRATHER, P.J., and SULLIVAN, PITTMAN, BANKS, JAMES ROBERTS, JR. and SMITH, JJ., concur. DAN M. LEE, P.J., concurs in results only.