929 So.2d 975 (2006)
MISSISSIPPI DEPARTMENT OF CORRECTIONS and Mississippi Department of Employment Security, Appellants
v.
Virginia SCOTT, Appellee.
No. 2005-CC-00427-COA.
Court of Appeals of Mississippi.
May 16, 2006.
*977 James M. Norris, attorney for appellants.
Virginia Scott, Appellee, pro se.
Before KING, C.J., CHANDLER and ISHEE, JJ.
CHANDLER, J., for the Court.
¶ 1. Virginia Scott was employed by the Mississippi Department of Correction (MDOC) and was terminated for violating state law and MDOC policies. Scott subsequently applied for unemployment benefits with the Mississippi Employment Security Commission (MESC).[1] The claims *978 examiner disqualified Scott from receiving benefits under Mississippi Code Annotated section 71-5-513(A)(1)(b) (Rev.1989), finding that she was discharged for misconduct connected with her work. Scott appealed to a MESC appeals referee who also denied her application. The Board of Review affirmed the decision of the referee and Scott appealed to the Circuit Court of Greene County. The court reversed the decision by the Board of Review and awarded benefits. The MDOC now appeals. Finding error, we reverse.
WHETHER THE CIRCUIT COURT ERRED IN REVERSING THE MDOC'S DECISION TO DENY BENEFITS WHERE SCOTT WAS DISCHARGED FOR UNLAWFUL CONDUCT

FACTS
¶ 2. Scott worked for the MDOC and was caught selling and delivering bootleg copies of DVD movies to other employees while at work in violation of Mississippi Code Annotated section 47-5-49 (Rev. 2004), which prohibits employees from engaging "in any other business during normal hours of employment that may require his personal attention or time." The statute calls for the violator to be dismissed from employment. Id. Scott was also in violation of state laws under Mississippi Code Annotated section 97-23-87(3)(a)(i) (Rev.2000), which prohibits the unauthorized copying or selling of recordings, and Mississippi Code Annotated section 97-23-89(2), which prohibits the sale or distribution of recordings without display of required information.
¶ 3. On August 20, 2004, Scott was terminated by MDOC. Scott received a letter from the MDOC which listed two reasons for her termination. The first reason stated that Scott was terminated for falsification of records. The letter specified that Scott gave a written statement, claiming that she never delivered or sold movies to any employee at the MDOC, which was a false statement. The second reason for Scott's termination was for acts which occurred "on or off the job which are plainly related to job performance and are of such nature that to continue the employee in the assigned position could constitute negligence in regard to the agency's duties to the public or to other state employees." The letter stated that Scott offered to sell bootleg copies of DVDs to co-workers and that Scott sold at least eight copies of bootleg movies to employees in violation of Mississippi law and MDOC policy.
¶ 4. On September 5, 2004, Scott applied for unemployment benefits with the MESC. On September 20, 2004, the MESC claims examiner denied Scott benefits because of misconduct and Scott filed an appeal. On October 19, 2004, a MESC appeals referee conducted a hearing on the matter and concurred with the decision of the claims examiner. At the hearing, Scott admitted that she distributed and transferred bootleg DVDs that she purchased from a flea market to someone at the MDOC. Scott admitted knowing that it was against the law to transfer these tapes.
¶ 5. On December 2, 2004, the MESC Review Board affirmed the decision of the appeals referee and Scott appealed to the Circuit Court of Greene County. The circuit court held that the MESC decision was not supported by substantial evidence and reversed the decision.

LAW AND ANALYSIS

WHETHER THE CIRCUIT COURT ERRED IN REVERSING THE MDOC'S DECISION TO DENY BENEFITS WHERE SCOTT WAS DISCHARGED FOR UNLAWFUL CONDUCT
¶ 6. When reviewing a decision of the MESC, this court must affirm when the decision is supported by substantial *979 evidence and absent fraud. Richardson v. Miss. Employment Sec. Comm'n, 593 So.2d 31, 34 (Miss.1992). Mississippi Code Annotated section 71-5-513(A)(1)(b) (Rev. 2005) states that an individual may be disqualified for unemployment benefits if he was discharged "for misconduct connected with his work." The employer bears the burden of showing that the employee's conduct warrants disqualification from eligibility for benefits by "substantial, clear, and convincing evidence." Foster v. Miss. Employment Sec. Comm'n, 632 So.2d 926, 927 (Miss.1994). Any judicial review under Mississippi Code Annotated section 71-5-513 requires that "the findings of the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law." Broome v. Mississippi Employment Sec. Comm'n, 921 So.2d 334, 337(12) (Miss.2006).
¶ 7. The circuit court reversed the decision of the agency finding MDOC "failed to provide substantial evidence that Scott violated a Mississippi statute." The court held that Scott denied selling the DVDs and Scott's distribution of the DVDs did not have an adverse impact on the ability of her employer to conduct its business. We find that the trial court erred in reversing the decision of the MESC for three reasons: (1) the court failed to distinguish the present case from Mississippi Employment Sec. Comm'n v. Douglas, (2) the court erred in determining that Scott did not violate state law and MDOC policy, and (3) the court erred in failing to determine that those violations were sufficient evidence to find misconduct.

A. The circuit court failed to distinguish the present case from Mississippi Employment Security Commission v. Douglas

¶ 8. The circuit court cited Miss. Employment Sec. Comm'n v. Douglas, 758 So.2d 1059 (Miss.Ct.App.2000) as its authority in holding that Scott's distribution of the DVDs did not have an adverse impact on the ability of her employer to conduct its business and, therefore, there was no misconduct. The court in Douglas held that "mere evidence of the type of criminal activity engaged in by Douglas while away from the job would not necessarily constitute disqualifying misconduct." Id. at 1062(12). Therefore, the court was left to determine whether the appellant's activities "were intended to have, or could reasonably be anticipated to have, an adverse impact on the ability of Douglas's employer to conduct its business activities, a finding that would, in our view, supply the necessary connection between the improper activity and the claimant's work." Id.
¶ 9. In Douglas, the criminal activities were not conducted while he was on duty at his employer's place of business. As stated above, Mississippi Code Annotated section 71-5-513 provides that an individual will be disqualified for benefits if he is discharged for misconduct "connected with his work." The court had to determine whether there was a connection between the illegal activities and Douglas's job. That is not the issue in the present case. In the present case, the conduct at issue was clearly preformed while Scott was on the job at the MDOC. Therefore, this Court does not have to consider whether Scott's activities had an adverse impact on the ability of her employer to conduct business activities. This Court must only determine whether there was sufficient evidence that Scott was terminated for misconduct.

B. The circuit court erred in holding that Scott did not violate state law and MDOC policy
¶ 10. In the present case, the circuit court held that Scott denied selling *980 the DVDs and, therefore, she did not violate MDOC policy or state law. Regardless of whether Scott actually admitted to selling the DVDs, Scott admitted to distributing bootleg copies of DVDs to co-workers during a hearing with the MESC appeals referee. Scott also admitted knowing that distributing bootleg copies of DVDs was illegal and, therefore, in violation of work policy as is shown from this section of her testimony before the appeal referee:
Q: Ms. Scott, do you admit that you did in fact distribute or transfer tapes that you purchased from the flea market to somebody at the department?
A: Yes.
Q: Okay. Did you have a license to distribute those tapes?
A: No, and the person that I bought them from at the flea market did not have a license. There's no license, it never was brought up that I needed to have a license. If I'm going out to lunch and you ask me to bring your lunch, you don't ask me for a license. You're selling apples you don't ask for a license other things that have been sold.
Q: Are you aware that it is against State Law to transfer tapes if you don't have a license to distribute those tapes?
A: Yes, if you're transferring for sale.
Q: Just to transfer them whether it's for sale or not?
A: Yes.
Scott clearly admitted to knowingly and illegally distributing bootleg DVDs. Therefore, the factual findings of the Commission, that Scott violated work policy and state law, were supported by the evidence.

C. The circuit court erred in determining that there was not sufficient evidence to determine misconduct
¶ 11. Next, this Court must determine whether the conduct of Scott was sufficient evidence in determining that there was misconduct. This Court defines misconduct as
conduct evincing such willful and wanton disregard of the employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee. Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer's interest or of the employee's duties and obligations to his employer, came within the term. Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inadvertencies and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion were not considered "misconduct" within the meaning of the statute.
Booth v. Mississippi Employment Sec. Comm'n, 588 So.2d 422, 425-26 (Miss. 1991).
¶ 12. This Court has held that misconduct is "conduct that reasonable and fair-minded external observers would consider a wanton disregard of the employer's legitimate interests." Allen v. Mississippi Employment Sec. Comm'n, 639 So.2d 904, 907 (Miss.1994). Not only did Scott violate work policies, Scott also violated state laws during her employment with the MDOC. The MDOC wrote Scott a termination letter which clearly stated that she was terminated for distributing bootleg movies to co-workers and then falsely stating that she never delivered a movie to another co-worker. *981 Reasonable observers would find that illegally distributing DVDs during work and then lying about the prohibited conduct are willful and wanton disregard for the employer's legitimate interests. Clearly, the decision of the MDOC is supported by substantial evidence. Therefore, the ruling of the MESC should be reinstated, the trial court should be reversed, and Scott should be disqualified from receiving unemployment benefits based upon her misconduct on the job.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF GREENE COUNTY IS REVERSED.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.
NOTES
[1] Effective July 1, 2004, the name of the Mississippi Employment Security Commission changed to the Department of Employment Security, Office of the Governor. Miss.Code Ann. Section 71-5-11(f)(Supp.2005).