GRIFFIS, P.J.,
for the Court:
¶ 1. Maxine Gibson appeals an unemployment-compensation-benefits decision. We find no error and affirm.
FACTS
¶ 2. Gibson began her employment with Comcast Cablevision on February 22, 2010. Her position was a customer-account executive. She was terminated on October 21, 2011, due to excessive tardiness in violation of Comcast’s attendance policy and a *564 failure to take reasonable steps to improve her attendance at work.
¶ 3. Comcast established a no-fault attendance policy that is based on the number of tardies. If an employee received four tardies within a six-month time period, the employee is encouraged to improve her attendance. If there is a fifth tardy, the employee is subject to a verbal warning about the violation of the tardiness policy. The employee receives a written warning after the seventh tardy. At the ninth tardy, the employee receives yet another verbal warning. If the employee receives ten tardies, the employee is subject to termination. Once an employee is in the progressive disciplinary process, meaning after the first four tardies received within the six-month period, the last warning stays active for six months. During that time, if there is another occurrence, the next step in the disciplinary process is taken.
¶ 4. Gibson received a copy of the employee handbook, which contained the no-fault attendance policy, during her orientation. Gibson received eight tardies before she was issued a final warning on August 29, 2011. She was informed that any further incident of tardiness would result in her termination.
¶ 5. Thereafter, Gibson was tardy on October 2, 11, 12, and 14, 2011. On October 21, 2011, Gibson was terminated.
¶ 6. Gibson filed for unemployment benefits with the Mississippi Department of Employment Security (“MDES”). During her hearing, Gibson admitted that she was fired after receiving multiple tardies after a final warning regarding termination because of her eight previous tardies. Gibson also admitted she was aware of Com-cast’s no-fault attendance policy in the employee handbook. Gibson claimed that she violated the attendance policy because of the failure of the computer equipment. Because the computer equipment was faulty, Gibson argued, she was unable to log-in on time to report to work. She claimed she was unable to report the computer problems to her supervisor, because her supervisor was not present. In response, Comcast presented testimony that the supervisor was present and on call, and the computer equipment was checked after Gibson’s complaint. The equipment was found to be working properly.
¶ 7. After the hearing, the MDES claims examiner found that Gibson was discharged due to the misconduct of her excessive tardiness in violation of Comcast’s attendance policy. As a result, Gibson was determined to be ineligible to receive unemployment benefits. The claims examiner’s decision was affirmed by the MDES administrative law judge (“ALJ”).
¶ 8. Gibson appealed to the MDES Board of Review. The Board affirmed the ALJ’s decision. Gibson then appealed to the Circuit Court of Hinds County. The circuit court affirmed the Board’s decision. It is from that decision that Gibson now appeals.
STANDARD OF REVIEW
¶ 9. The standard of review that this Court employs in administrative-agency decisions is that “[a]n agency’s conclusions must remain undisturbed unless the agency’s order[:] 1) is not supported by substantial evidence, 2) is arbitrary or capricious, 3) is beyond the scope or power granted to the agency, or 4) violates [the claimant’s] constitutional rights.” Maxwell v. Miss. Emp’t. Sec. Comm’n, 792 So.2d 1031, 1032 (¶ 7) (Miss.Ct.App.2001). Upon judicial review, “the findings of the Board of Review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to ques *565 tions of law.” Miss.Code Ann. § 71-5-531 (Rev.2011).
DISCUSSION
¶ 10. Mississippi Code Annotated section 71-5-513(A)(1)(b) (Supp.2013) provides that an employee is disqualified from receiving unemployment benefits if he or she is discharged for misconduct. Gibson argues that she was not guilty of misconduct. To deny unemployment benefits, the employer has the burden of showing “by substantial, clear, and convincing evidence” that the former employee’s actions amounted to disqualifying misconduct. City of Clarksdale v. Miss. Emp’t Sec. Comm’n, 699 So.2d 578, 580 (¶ 15) (Miss.1997) (quoting Foster v. Miss. Emp’t Sec. Comm’n, 632 So.2d 926, 927 (Miss.1994)).
¶ 11. The Mississippi Supreme Court has defined misconduct as:
[C]onduct evincing such willful and wanton disregard of the employer’s interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee. Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer’s interest or of the employee’s duties and obligations to his employer [fall] within the term.
Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss.1982) (citation omitted). “[Wjhenever analyzing ‘misconduct,’ we not only assess violations of an employer’s stated policy, but we also consider all action (or inaction) which could be expected of the employee, and which affects the interests of the employer, regardless of whether such actions are included within the stated policy.” Miss. Emp’t Sec. Comm’n v. Percy, 641 So.2d 1172, 1175 (Miss.1994).
¶ 12. The supreme court has specifically held that an employee’s violation of an employer’s no-fault absenteeism policy constitutes misconduct that would disqualify that employee from receiving unemployment benefits. See generally Broome v. Miss. Emp’t Sec. Comm’n, 921 So.2d 334, 338 (¶ 16) (Miss.2006) (citation omitted); see also McNeil v. Miss. Emp’t Sec. Comm’n, 875 So.2d 221, 226 (¶ 16) (Miss.Ct.App.2004).
¶ 13. Here, there was substantial evidence of Gibson’s misconduct. Gibson was aware of Comcast’s attendance policy. She admitted that she received a copy of the handbook during her orientation. Gibson’s excessive tardies were properly documented, and she was given the warnings required under the policy. Gibson blames her tardiness on computer problems. Yet she failed to report the problems with the computer equipment to her supervisors initially. When the problem was reported, Comcast examined the computer equipment and found it to be operating properly. The violation of Comcast’s attendance policy constitutes misconduct. Therefore, we must affirm the judgment of the circuit court.
¶ 14. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ„ CONCUR.