GRIFFIS, P. J.,
for the Court:
¶ 1. Denise Anthony appeals an unemployment-compensation-benefits decision. We find no error and affirm.
FACTS
¶ 2. Anthony began her employment with Wal-Mart Associates, Inc., on August 27, 2001. She was a cashier. Anthony was terminated on June 29, 2012. Wal-Mart gave the following reasons for her termination: excessive tardiness and absences in violation of Wal-Mart’s attendance policy, and a failure to take reasonable steps to improve her attendance.
¶ 3. Wal-Mart established a no-fault attendance policy that is based on the number of warnings for tardies and absences. A Wal-Mart employee will receive a written first, second, and third warning. After a third warning, any further incidents of tardiness or absenteeism would be the next step to termination.
¶ 4. Anthony was made aware of the attendance policy through the computer-based learning (CBL) system. Wal-Mart employees are instructed about all of the policies during orientation and are required to go to the CBL unit every time a *931 policy is updated or changed. The most recent update of the policy was July 19, 2010. Anthony signed a letter of acknowledgment on that date.
¶ 5. Anthony was warned by several assistant managers for her attendance and that she was subject to disciplinary action. Anthony received the first warning for being tardy on May 28, 2011. She received a second warning on July 4, 2011, after a total of nineteen absences and fifteen tar-dies. Her third warning was on April 9, 2012, for being absent without notice. Anthony had the opportunity to put in a change of availability time in order to make it easier for her to get to work on time. Anthony, however, failed to do so. She was aware that any further incident of tardiness would result in her termination.
¶ 6. Between April 9, 2012, and June 22, 2012, Anthony was tardy nine times. She was terminated on June 29, 2012.
¶ 7. Anthony filed for unemployment benefits with the Mississippi Department of Employment Security (MDES). After a hearing, the MDES claims examiner found that Anthony was discharged due to the misconduct of her excessive tardiness and absences in violation of Wal-Mart’s attendance policy. As a result, Anthony was determined to be ineligible to receive unemployment benefits. The claims examiner’s decision was affirmed by the MDES administrative law judge (ALJ).
¶ 8. Anthony appealed the ALJ’s decision to the MDES Board of Review. The Board affirmed the ALJ’s decision. Anthony then appealed the Board’s decision to the Circuit Court of Lauderdale County. The circuit court affirmed the decision. It is from that decision that Anthony now appeals.
STANDARD OF REVIEW
¶ 9. The standard of review that this Court employs in administrative-agency decisions is that “[a]n agency’s conclusions must remain undisturbed unless the agency’s order[:] 1) ⅛ not supported by substantial evidence, 2) is arbitrary or capricious, 3) is beyond the scope or power granted to the agency, or 4) violates [the claimant’s] constitutional rights.” Maxwell v. Miss. Emp’t Sec. Comm’n, 792 So.2d 1031, 1032 (¶ 7) (Miss.Ct.App.2001). Upon judicial review, “the findings of the Board of Reviéw as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.” Miss.Code Ann. § 71-5-531 (Rev.2011).
DISCUSSION
¶ 10. Mississippi Code Annotated section 71-5—513(A)(1)(b) (Supp.2013) provides that an employee is disqualified from receiving unemployment benefits if he or she is discharged for misconduct. Anthony argues that she was not guilty of misconduct. To deny unemployment benefits, the employer has the burden of showing “by substantial, clear, and convincing evidence” that the former employee’s actions amounted to disqualifying misconduct. City of Clarksdale v. Miss. Emp’t Sec. Comm’n, 699 So.2d 578, 580 (¶ 15) (Miss.1997) (quoting Foster v. Miss. Emp’t Sec. Comm’n, 632 So.2d 926, 927 (Miss.1994)).
¶ 11. The Mississippi Supreme Court has defined misconduct as:
[C]onduct evincing such willful and wanton disregard of the employer’s interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee. Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and show *932 ing an intentional or substantial disregard of the employer’s interest or of the employee’s duties and obligations to his employer [fall] within the term.
Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss.1982) (citation omitted). “[WJhenever analyzing ‘misconduct,’ we not only assess violations of an employer’s stated policy, but we also consider all action (or inaction) which could be expected of the employee, and which affects the interests of the employer, regardless of whether such actions are included within the stated policy.” Miss. Emp’t Sec. Comm’n v. Percy, 641 So.2d 1172, 1175 (Miss.1994).
¶ 12. An employee’s violation of an employer’s no-fault absenteeism policy constitutes misconduct that would disqualify that employee from receiving unemployment benefits. See Broome v. Miss. Emp’t Sec. Comm’n, 921 So.2d 334, 338 (¶ 16) (Miss.2006) (citation omitted); McNeil v. Miss. Emp’t Sec. Comm’n, 875 So.2d 221, 226 (¶ 16) (Miss.Ct.App.2004).
¶ 13. Here, there was substantial evidence of Anthony’s misconduct. Anthony was aware of Wal-Mart’s attendance policy. Anthony’s excessive tardies and absences were properly documented, and she was given the warnings required under the policy. Anthony blames her occasional tardiness on her second job. Yet she failed to adjust her work schedule to avoid being tardy. And, contrary to her testimony, she was not charged with any tar-dies while she took off during her mother’s death. The violation of Wal-Mart’s attendance policy constitutes misconduct. Therefore, we find no error in the Board’s decision and affirm the judgment of the circuit court.
¶ 14. THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT COURT IS AFFIRMED.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.